■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DAVIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 21, 1978, convicting him of two counts of murder in the second degree (intentional and felony murder) and robbery, rape, sodomy and sexual abuse, all in the first degree, upon a jury verdict, and imposing concurrent sentences. Judgment modified, on the law, by reversing the conviction of sexual abuse in the first degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. On these facts the crime of sexual abuse was an inclusory concurrent count of the crimes of rape and sodomy, and the People so concede. Accordingly, the judgment of conviction should be modified as indicated. Read as a whole, the court's charge on intent was proper. As distinguished from the impermissible presumption condemned by the Supreme Court of the United States in *Sandstrom v Montana* (442 US 510), the thrust of the court's charge here was that the jury could draw an inference of intent but was under no obligation to do so. For example, the court gave an illustration involving the throwing of pebbles or rocks against a window in order to attract attention. Continuing with this illustration, the court instructed that "if these pebbles did not attract her attention, [and] I became annoyed and * * * picked up a rock * * * and I threw it at the window, then you *may infer* that I intended to break the window" (emphasis supplied). We have considered the other points raised by defendant and have found them to be without merit. Hopkins, J. P., O'Connor, Lazer and Margett, JJ., concur.