■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY DABNEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 8, 1977, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of sexual abuse in the first degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. On the instant facts the count charging sexual abuse is a lesser inclusory count of rape in the first degree. No evidence, independent of the rape, was presented to establish sexual abuse. Therefore, as the People concede, the conviction on the rape charge mandates reversal and dismissal of the sexual abuse charge (see CPL 300.40, subd 3, par [b]; *People v Davis,* 72 AD2d 749). The defendant argues that prejudicial error occurred in the trial court's

exclusion of a hospital record containing allegedly exculpatory evidence, in its permitting testimony regarding the defendant's familiarity with karate, and in the charge on resistance. While we agree that a portion, at least, of the hospital record was admissible for the purpose of impeaching the complainant's testimony that she was scratched by the defendant, we do not find the error to have been prejudicial in light of the complainant's testimony that she feared the defendant and her testimony, corroborated by hospital personnel, that she had been "grabbed" or "choked" by the defendant, and scratched on the neck. Whether the challenged testimony regarding defendant's knowledge of karate was admissible is questionable, but it was limited and of no significance in the trial. Finally, while we find the jury charge on the issue of resistance to have been minimal, we find it to have been sufficient, on the facts of this case, to have instructed the jury properly on the applicable law. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.