## (December 20, 1979)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY DABNEY, Appellant.—On the court's own motion its decision, dated December 3, 1979 is vacated and recalled and the following substituted decision is rendered: Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 8, 1977, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of sexual abuse in the first degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. On the instant facts the count charging sexual abuse is a lesser inclusory count of rape in the first degree. No evidence, independent of the rape, was presented to establish sexual abuse. Therefore, as the People concede, the conviction on the rape charge mandates reversal and dismissal of the sexual abuse charge (see CPL 300.40, subd 3, par [b]; People v Davis, 72 AD2d 749). The defendant argues that prejudicial error occurred in the trial court's exclusion of a hospital record which was said to contain exculpatory evidence relating to the use of force during the rape; in its permitting testimony regarding the defendant's familiarity with karate; and in the charge on resistance. We agree that a portion of the hospital record was admissible for the limited purpose of impeaching the complainant's testimony that her neck had been scratched by the defendant. However, we do not find that exclusion of the record amounted to prejudicial error, in light of the testimony given by hospital personnel, who attended complainant in the emergency room, which corroborated the existence of a fresh scratch on her neck. Limited testimony given by a Y.M.C.A. supervisor, who had observed defendant practice karate, was probative of defendant's actual knowledge of karate; as such, the testimony was relevant and admissible to establish a factual predicate for the complainant's asserted fear of the defendant's use of force against her. Finally, while the court's charge to the jury on the issue of complainant's resistance consisted of a reading of the statutory definition of forcible compulsion (see Penal Law, § 130.00, subd 8), we find

that it sufficed to instruct the jury properly on the law applicable to the facts of this case. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.