THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RODRIGUEZ, Appellant.—Judgment of the Supreme Court, Bronx County, rendered November 15, 1978, which convicted defendant after trial of attempted rape in the first degree, attempted sodomy in the first degree, and two counts of sexual abuse in the first degree, and sentenced him to concurrent indeterminate terms of imprisonment of from 5 to 15 years on the attempted rape and sodomy convictions and terms not to exceed four years on the sexual abuse convictions, unanimously modified, on the law and as a matter of discretion in the interest of justice, to reverse the convictions on the two counts of sexual abuse in the first degree, vacate the sentences imposed thereon and dismiss those counts of the indictment, and to modify the sentences imposed on the convictions for attempted rape and attempted sodomy so as to reduce each of those sentences to an indeterminate term not to exceed seven years, and otherwise affirmed. The crimes of sexual abuse in the first degree (Penal Law, § 130.65), as the People agree, are lesser inclusory crimes of attempted rape in the first degree (Penal Law, §§ 130.35, 110.00) and attempted sodomy in the first degree (Penal Law, §§ 130.50, 110.00) and should be dismissed *(People v Johnson,* 59 AD2d 884; *People v McCrory,* 47 AD2d 887; *People v De Jesus,* 46 AD2d 868). As to the sentences, we disagree with the trial court that a minimum sentence should be imposed on each of the convictions for attempted rape and attempted sodomy and that a maximum sentence of 15 years on those offenses was proper. We have studied the psychological report and the probation report

which were before the trial court. In the domestic setting of this case it would be more appropriate to permit the Parole Board·to fix the minimum terms to be served by defendant. Moreover, it appears that defendant who had a good work record, was never in trouble other than for criminal conduct arising out of violations of the Vehicle and Traffic Law. Because the minimum sentences imposed appear to serve no public purpose and the maximum sentences are too severe, we are reducing the sentences herein as unduly harsh (CPL 450.30; 470.15, subd 6, par [b]). Concur—Kupferman, J. P., Birns, Sandler, Ross and Markewich, JJ.