OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
*976 As the People candidly concede, it was error for the trial court to refuse to admit the redacted portion of the hospital record which indicated an absence of any scratches on complainant’s neck and to allow testimony by the Y.M.C.A. supervisor concerning defendant’s practice of karate. In this case in which the crucial issue at trial was the complainant’s lack of consent (see Penal Law, §§ 130.05, 130.35), the combined effect of these erroneous evidentiary determinations, when viewed in conjunction with the trial court’s minimal instruction to the jury as to the element of forcible compulsion, was highly prejudicial to the defendant. Based on the record before us, we can only conclude that there is a “significant probability * * * that the jury would have acquitted the defendant had it not been for the * * * errors which occurred.” (People v Crimmins, 36 NY2d 230, 242.)
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.