■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDAN F. MANNING, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 8, 1982, upon a verdict convicting defendant of the crimes of assault in the third degree and attempted coercion in the first degree. The critical question on appeal is whether the admission into evidence of defendant's abominable postarrest conduct constituted reversible error. Because there is a significant probability that this improperly admitted evidence affected the jury's verdict, we reverse and remit for a new trial (*People v Dabney,* 52 NY2d 974; *People v Crimmins,* 36 NY2d 230, 242). Defendant's conviction stemmed from his involvement in a barroom brawl at which time the codefendant, his friend, severely beat another patron following an argument. Although it appears defendant himself did not strike the victim, it was established that he attempted to prevent the bartender and other onlookers from stopping the altercation. Unfortunately, during the trial, over objection, the prosecution was allowed to elicit from the arresting officer highly prejudicial and irrelevant testimony concerning defendant's postarrest behavior. This included a repetition of the obscene comments defendant directed at the officer and a description of the physical damage inflicted by defendant on the walls of his cell; he had gouged out one wall and defaced another with filthy antipolice graffiti. The officer was also permitted to recount the substance of a telephone conversation, made after the arrest, wherein defendant allegedly urged the other party to alert members of his motorcycle gang that he was in jail and "to get the guy in the blond hair with the pony tail, he is the one that punched Teddy [the codefendant]". During summation the prosecutor exacerbated the prejudice by averting to defendant's actions at the police station (see *People v Reyes,* 72 AD2d 512). The prosecution offers no rationale for the admission of this testimony, but relies instead upon the alleged lack of specific objection to the questioning. In view of defense counsel's repeated objections on grounds of relevancy, this argument is less than compelling. Although there was sufficient evidence to support the jury's verdict, we cannot say that the admission of the officer's testimony amounted to unprejudicial harmless error; proof of guilt here was simply not overwhelming (see *People v Gadsden,* 80 AD2d 508). In passing, we note that the trial court's refusal to instruct the jury on the lesser included offense of attempted coercion in the second degree was proper, for this case does not

present the rare and unusual factual pattern required for such a charge (*People v Discala,* 45 NY2d 38, 43). Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.