THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAT-
THEW G. WHEELER, Appellant.

Third Department, July 3, 1985

**APPEARANCES OF COUNSEL**

*Thomas J. Fox, Public Defender* (*Thomas A. Saitta* of counsel),
for appellant.

*Patrick H. Mathews, District Attorney* (*Marjorie M. Lyons* of
counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

On the afternoon of April 1, 1983, Eleanor Kelly left her job at
Wilson Memorial Hospital in the City of Binghamton and took
the elevator to the third floor of the parking garage. Defendant
was on the elevator with Kelly and followed her from the
elevator to her car. Kelly had just sat down in the driver's seat
when she saw defendant standing between her and the car door.
Defendant held a knife to her side and, ordering her to slide
across the seat, pushed her farther into the car. Defendant got in
after Kelly and demanded the car keys from her. Then, kneeling

in front of Kelly on the seat, defendant began to pull his sweatshirt over his head. Kelly threw open the door on the passenger side and, crying out for help, fled from the car. Defendant gave chase. When Kelly fell down, defendant knelt astride her and began striking her about the face. The parking attendant heard and responded to Kelly's outcries and confronted defendant as he was dragging her back towards her car. Defendant thereupon fled from the parking garage. He was later arrested and gave a statement to police, which was reduced to writing, in which he admitted that he became sexually aroused by Kelly and intended to have intercourse with her. Defendant was indicted and tried on charges of attempted rape in the first degree, assault in the second degree, robbery in the first degree and coercion in the first degree. Following the trial, defendant was convicted of all but the robbery count of the indictment and was sentenced to concurrent prison terms. This appeal ensued.

Defendant's sole ground for reversal is the trial court's denial of his request to have attempted sexual abuse in the first degree charged as a lesser grade offense of attempted rape in the first degree. The CPL requires the submission of a charge as a lesser included offense upon request by either party when (1) it is impossible to commit the greater offense without concomitantly by the same conduct committing the lesser offense, and (2) where there is a reasonable view of the evidence which would support the finding that the defendant committed the lesser offense but not the greater (CPL 1.20 [37]; 300.50 [1], [2]). The Court of Appeals has clarified the application of this rule by stating that the first prong of the test in the CPL refers to theoretical impossibility, as "determined by a comparative examination of the statutes defining the two crimes, in the abstract", and that the second prong "calls for an assessment of the evidence of the particular criminal transaction in the individual case" (*People v Glover,* 57 NY2d 61, 64).

A comparative examination of the two relevant statutes in the abstract leads to the conclusion that attempted sexual abuse in the first degree (Penal Law § 130.65) is not a lesser included offense of attempted rape in the first degree (Penal Law § 130.35). The definition of sexual abuse in the first degree applicable here is that of subjecting a person to "sexual contact" by forcible compulsion. The phrase "sexual contact", by definition, requires establishment that the touching be "for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]). The element of sexual gratification as motivation differentiates sexual abuse in the first degree from other less serious nonsexual contact offenses, such as harassment (Penal

Law § 240.25 [a violation]) or assault in the third degree (Penal Law § 120.00 [a class A misdemeanor]), a differentiation made necessary by the greater opprobrium attached to sexual offenses. The gravamen of rape in the first degree, on the other hand, is forcible intrusion by the actor into the sexual organ of the female; the motivation for the intrusion is irrelevant. Furthermore, other motivations for rape besides sexual gratification have been recognized, including a desire to humiliate the victim, a desire to injure the victim, and the desire to exercise power and control over the victim (*see, e.g.,* Brownmiller, Against Our Will, at 198-199, 206, 209, 282, 377-378 [1975]).

Therefore, it is possible in the abstract to commit rape in the first degree without having the motivation necessary to commit, concomitantly by the same conduct, sexual abuse in the first degree. And this obviously holds true with respect to an attempt to commit either crime. The case of *People v Acevedo* (40 NY2d 701, 706) dictates the same result, wherein it was held that when the lesser crime requires proof of an element not required by the greater, it is not a lesser included offense. All of the foregoing is consistent with our reasoning in *People v DuPont* (60 AD2d 689). Those cases cited by defendant as holding sexual abuse in the first degree to be a lesser included offense of rape in the first degree (*e.g., People v Rodriguez,* 74 AD2d 548 [1st Dept]; *People v Dabney,* 73 AD2d 657 [2d Dept], *revd on other grounds* 52 NY2d 974; *People v Greenhagen,* 78 AD2d 964 [4th Dept]) were decided before the pronouncement of the *Glover* standard requiring an examination of the statutes in the abstract as well as in the factual context of the particular case.

Defendant also fails in sustaining his position with respect to the second prong of the test under CPL 300.50. From our assessment of the actual proof developed at the trial, there was no reasonable view of the evidence to support a jury finding that he committed attempted sexual abuse in the first degree but not attempted rape in the first degree. In arguing to the contrary, defendant focuses on the portions of his confession wherein he admitted becoming sexually aroused by Kelly and then forming an intent to have intercourse with her. There was testimony at the trial that during initial questioning by a police detective, defendant disclaimed knowing what his intentions toward Kelly were but that only after being pressed by the Chief of Police did he make both damaging admissions concerning his state of mind. Defendant therefore contends that the jury either could have credited his admission of becoming aroused and rejected the admission of intent to have intercourse, or could have rejected both admissions as being the product of police sugges-

tion. In either case, defendant argues a rational basis would have existed for a verdict of guilt of attempted sexual abuse and not attempted rape.

Defendant's argument is unpersuasive. The cases of *People v Blim* (63 NY2d 718, 720) and *People v Scarborough* (49 NY2d 364, 369) teach that, in applying the second prong of the test under CPL 300.50, a jury may only differentiate between offenses and pick and choose from portions of the prosecution's proof on an identifiable, rational basis rather than on speculation. Applying that standard here, there is no way the jury could reasonably have accepted the first of defendant's admissions and rejected the second. The proof was that both admissions were obtained by the Chief of Police in precisely the same manner and immediately followed in sequence. Defendant's initial disclaimer concerning his knowledge of his state of mind at the time of the incident applied equally to having been aroused as to his intent to engage in intercourse. No rational, identifiable distinction can be found in the evidence between the validity of the two admissions, and it would have been purely speculative for the jury to have accepted one and not the other.

The same reasoning applies against defendant's contention if it is assumed that the jury could have rejected both admissions. In that case, the issue of his intent to rape, rather than to commit some other crime, would have been a matter for the jury to infer from the evidence of his conduct alone. That evidence consisted of the victim's description of defendant having pushed her farther into the car, entering the car at the driver's side, taking her keys, partly disrobing himself and then attempting to drag her back to the car after she initially escaped from him. To be sure, the jury could have disbelieved the portion of the victim's account suggestive of defendant's sexual intent, believing instead that his motive was to commit some nonsexual crime. Again, however, there was no identifiable basis in the victim's description of what the defendant did upon which the jury could have responsibly concluded that defendant's purpose was only to sexually touch her rather than rape her (*see, People v Scarborough, supra; cf. People v Bracey,* 41 NY2d 296, 302).

Since defendant can meet neither prong of CPL 300.50 as applied according to the *Glover* standard, we find no error in the trial court's denial of defendant's request to have attempted sexual abuse in the first degree charged as a lesser included offense of attempted rape in the first degree. Accordingly, the judgment of conviction should be affirmed.

CASEY, J. (concurring). We agree with the majority only to the extent that a reasonable view of the trial evidence did not require a charge of attempted sexual abuse in the first degree as a lesser included offense of attempted rape in the first degree, and for this reason the trial court's refusal to charge down as requested was not error. The only evidence of defendant's intent offered at trial was contained in his statement to police that he became sexually aroused by the victim and *intended to have intercourse* with her. The jury could accept or reject that statement, but every other hypothesis regarding the issue of intent is merely speculative. For this reason only, we agree with the conclusion of the majority that the judgment of conviction should be affirmed.

MAHONEY, P. J., and WEISS, J., concur with LEVINE, J.; KANE and CASEY, JJ., concur in an opinion by CASEY, J.

Judgment affirmed.