■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL B. SHABALA, III, Appellant.—Levine, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered January 4, 1985, upon a verdict convicting defendant of the crime of sodomy in the first degree.

Defendant was indicted by a Grand Jury and charged with the crime of sodomy in the first degree. The indictment alleged that in 1981, defendant engaged in deviate sexual intercourse with his then nine-year-old son. At the trial, the victim testified that one night, while his mother was in Canada attending a funeral, his father committed acts of fellatio on him and engaged in anal intercourse with him. The victim's sister, age 11 when the act occurred, testified that when her mother was in Canada, she woke up in the middle of the night, noticed a light on in her parents' bedroom and looked through the partially open door. She stated that she saw her brother lying naked on her parents' bed and defendant, clad only in his underpants, touching her brother's legs, backside and genitals. The sister observed this for approximately 10 to 15 seconds and then ran back into her bedroom. The next morning when she woke up, she went to her parents' room and found her brother still in bed with defendant. Defendant did not testify but instead relied upon attacking the credibility of the infant victim and the insufficiency of the corroborative evidence to support a guilty verdict. The jury found defendant guilty and he was sentenced to an indeterminate prison term of 5 to 15 years.

On appeal, defendant contends that the trial court erred in refusing to charge sexual abuse in the third degree as a lesser included offense. We disagree. A two-pronged test must be met before a less serious crime may be charged as a lesser included offense: (1) it must be theoretically impossible to commit the greater crime without at the same time committing the lesser, as determined by a comparative examination of the statutes defining the two crimes in the abstract; and (2) there must be a reasonable view of the evidence in the particular case which would support a finding that, while the defendant did commit the lesser crime, he did not commit the greater *(People v Glover,* 57 NY2d 61, 63; *see,* CPL 1.20 [37]; 300.50 [1],

[2]). As conceded by defendant at oral argument, neither requirement has been satisfied here.

A comparative examination of the relevant statutes in the abstract leads to the conclusion that sexual abuse in the third degree (Penal Law § 130.55) is not a lesser included offense of sodomy in the first degree (Penal Law § 130.50). As we recently held in *People v Wheeler* (109 AD2d 169, 170), all degrees of sexual abuse require as an element the occurrence of sexual contact "for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]). Sodomy in the first degree consists of deviate sexual intercourse (Penal Law § 130.50) and the purposes of such conduct are irrelevant. Thus, the element of sexual gratification as motivation differentiates sexual abuse in the third degree from sodomy in the first degree. "[W]hen the lesser crime requires proof of an element not required by the greater, it is not a lesser included offense" *(People v Wheeler, supra,* p 171; *see also, People v Acevedo,* 40 NY2d 701, 706).

Additionally, a reasonable view of the evidence would not support a jury finding that defendant committed sexual abuse in the third degree but not sodomy in the first degree. In order to so find, the jury would have had to discredit that portion of the victim's testimony concerning deviate sexual intercourse, but believe his and his sister's testimony concerning sexual contact. However, the defense strategy at the trial was to deny the existence of *any* sexual misconduct through an attack on the victim's testimony as a whole and not merely the accusation concerning the acts of sodomy. Accordingly, the "selective dissection of the integrated testimony of [the victim] as to whom credibility, or incredibility, could only be a constant factor" would be an exercise in sheer speculation and may not be countenanced *(People v Scarborough,* 49 NY2d 364, 373).

We are similarly unpersuaded by defendant's contention that the victim's testimony was not sufficiently corroborated. The requirement of corroboration "may be satisfied with circumstantial evidence and need not point to the particular form of sexual contact" *(People v De Berry,* 76 AD2d 933; *accord, People v Ahlers,* 98 AD2d 821, 822). The sister's testimony to the effect that she saw her father touching his son's legs, backside and genitals was sufficiently corroborative, since it "harmonize[d] with the victim's testimony in such a manner as to furnish the necessary connection between the defendant and the crime" *(People v Ahlers, supra,* p 822; *accord, People v Hairston,* 101 AD2d 912, 913).

Defendant's argument on appeal that the charge to the jury was fatally flawed is not convincing. It was not error for the trial court to refuse defendant's request to charge about the dangers inherent in the testimony of a youthful victim (see, *People v Feldt,* 26 AD2d 743, 744, *affd* 22 NY2d 839). Nor was it error to refuse to charge a moral certainty standard with regard to circumstantial evidence. Such a charge is appropriate only in cases where the prosecution relies entirely upon circumstantial evidence *(People v Barnes,* 50 NY2d 375, 380). Here, the victim's testimony constituted direct evidence.

We also disagree with defendant's claim that his sentence was harsh and excessive. In the absence of extraordinary circumstances or an abuse of discretion, we will not interfere with the trial court's discretion to impose sentence (see, *People v Whiting,* 89 AD2d 694). The sentence that defendant received was well within the limits provided for by the Penal Law (see, Penal Law § 70.02 [3] [a]; [4]), and entirely appropriate in view of the heinous nature of the crime and the trial court's stated purposes of punishing defendant and deterring others.

Defendant's remaining contention concerning prosecutorial misconduct was not preserved for appeal, and we have determined from a review of the record that the impropriety, if any, was not of a nature to justify a reversal in the interest of justice (see, CPL 470.15 [3] [c]).

Judgment affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.