■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON SADDLEMIRE, Appellant.—Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Harris, J.), rendered January 14, 1985, upon a verdict convicting defendant of the crime of sodomy in the first degree.

Defendant's conviction of sodomy in the first degree stemmed from acts committed at his home on a nine-year-old boy on July 16, 1984 at about 9:00 P.M. These acts, consisting of both oral and anal sodomy, were witnessed by a 10-year-old boy who was a friend of the victim. At trial, both boys generally agreed as to defendant's perpetration of the crime, but differed in regard to the chronology and details of the surrounding events.

Defendant called four witnesses, with whom he was living, who testified that they were present in defendant's apartment on July 16, 1984 and did not see the victim there that evening. A cousin of the victim stated that the victim told the cousin that defendant did not commit the acts of which he was accused and that a boyfriend of the victim's mother had convinced the victim to accuse defendant. Upon his conviction, defendant was sentenced to an indeterminate prison term of 8⅓ to 25 years.

On this appeal, defendant initially argues the insufficiency of the evidence to support the verdict. While the victim's testimony contains inconsistencies as to how he first came into defendant's house, what room he first entered and exactly where in the house the acts occurred, these inconsistencies bear only on the issue of the victim's credibility and are not of sufficient magnitude to warrant reversal (see, People v Fuller, 50 NY2d 628, 635). Essentially, the victim's testimony did establish all of the material elements of the crime charged. At the time of the commission of the crime, Penal Law § 130.16 required corroboration of the victim's testimony, since his inability to consent was based on his age. This requirement, however, was repealed effective November 1, 1984 (see, L 1984, ch 89, § 1) before defendant's trial. Inasmuch as the amendment affected an evidentiary rule rather than an intrinsic element of the crime itself, in our view corroboration of the victim's testimony at trial was not required. Even so, the testimony of the victim's friend did sufficiently corroborate the victim's version, even if corroboration thereof was necessary. Such corroboration need only furnish a necessary connection between defendant and the crime (People v Creedon, 106 AD2d 515). Significantly, both the victim and his friend were permitted to testify under oath only after the trial court had conducted a voir dire examination of them both and determined that they had the capacity to understand and appreciate the nature of an oath (see, People v Bockeno, 107 AD2d 1051, 1052). Therefore, contrary to defendant's contention, the trial evidence was sufficient to support the conviction.

Defendant further contends that the trial court erred in refusing to submit to the jury the crimes of sexual misconduct (Penal Law § 130.20) and sexual abuse in the third degree (Penal Law § 130.55) as lesser included offenses. To qualify as a lesser included offense, it must first be determined on an abstract comparative examination of the statutes defining the two crimes that it is theoretically impossible to commit the greater crime without concomitantly committing the lesser *(People v Glover,* 57 NY2d 61, 63). Contrary to defendant's claim in this regard, sexual abuse in any degree does not qualify as a lesser included offense of sodomy in the first degree since all degrees of sexual abuse require as an element that the sexual contact be for the purpose of gratifying the sexual desire of either party (Penal Law § 130.00 [3]), whereas sodomy in the first degree does not *(People v Wheeler,* 109 AD2d 169, 170, *affd* 67 NY2d 960).

Although sexual misconduct qualifies as a lesser included offense of sodomy in the first degree under the first prong of the test prescribed in *People v Glover (supra),* we do not find that a reasonable view of the evidence in this case required the submission of sexual misconduct. The only proof of the victim's age was that he was believed by his friend to be nine years old. This proof, coupled with the jury's observation of the victim, supplied a sufficient basis for the jury's finding of the victim's age at less than 11 years, a statutory requirement of sodomy in the first degree *(see, People v Kaminsky,* 208 NY 389). This uncontradicted and undisputed proof of the victim's age at less than 11 years, even though weak, did not supply a rational basis requiring submission of sexual misconduct (Penal Law § 130.20 [2]), where the statutory lack of consent element of that crime is based on the victim's incapability to consent because he is less than 17 years old (Penal Law § 130.05 [3] [a]). On the proof herein, there is no rational basis to permit a jury to find the victim more than 11 years of age but less than 17. Therefore, under the reasonable view of the evidence test, which is the second prong of the *Glover* test, the submission of sexual misconduct was not required *(see, People v Shabala,* 117 AD2d 924; *see also, People v Galvin,* 65 NY2d 761; *People v Blim,* 63 NY2d 718, 720).

We have further considered and found meritless defendant's claim that the trial court abused its discretion in denying defendant's motion for an adjournment when his trial counsel was substituted for his prior attorney, the Public Defender. This adjournment was sought to obtain a witness whose

testimony would have been merely cumulative *(see, Matter of Anthony M.,* 63 NY2d 270).

We further find untenable the other errors contended by defendant which we have considered, including the claim of excessiveness of the sentence imposed. In view of defendant's extensive prior criminal record and the heinous nature of the crime of which he was convicted, the sentence was warranted. The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.