■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. CIRINA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 29, 1985, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A review of the record reveals that there was legally sufficient evidence to support the finding that the 13-year-old complainant was incapable of consenting to deviate sexual intercourse with the defendant by reason of her being physically helpless (Penal Law § 130.50 [2]; § 130.00 [7]). The substantial testimony regarding the complainant's voluntary intoxication enabled the trier of fact to infer that she lacked capacity to consent due to her generally weakened condition *(see, People v Teicher,* 52 NY2d 638, 646-649). Upon the exercise of our factual review power, we are convinced that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In addition, we find that the trial court correctly refused to instruct the jury regarding the crime of sexual abuse in the third degree (Penal Law § 130.55) as a lesser included offense of the count charging sodomy in the first degree (Penal Law § 130.50 [2]). An examination of these statutes indicates that all degrees of sexual abuse *(see, People v Glover,* 57 NY2d 61, 63; CPL 1.20 [37]) require as an element the occurrence of sexual contact for the purpose of gratifying the sexual desire

of either party, whereas sodomy consists of deviate sexual intercourse and the purposes of such conduct are irrelevant *(see, People v Wheeler,* 67 NY2d 960, 962; *People v Gleixner,* 124 AD2d 675; *see also, People v Saddlemire,* 121 AD2d 791, 793; *People v Shabala,* 117 AD2d 924, 925). Therefore, sexual abuse is not a lesser included offense of sodomy in the first degree. Moreover, the trial court's charge concerning the definition of "physically helpless" (Penal Law § 130.00 [7]) was not overbroad or inappropriate *(see, People v Teicher, supra;* 2 CJI[NY] PL 130.50 [2], at 432).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.