■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY BACCHUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.),

rendered October 10, 1989, convicting him of sodomy in the first degree, sodomy in the second degree, sexual abuse in the first degree, sexual abuse in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improperly admitted the testimony of the complainant's mother as evidence of the complainant's "prompt outcry", and that the testimony of a medical expert was improperly admitted for the purpose of explaining the reactions of child victims to sexual abuse. However, since the defendant failed to raise an objection to the admission of this testimony at trial on the grounds he now advances on appeal, any errors of law with respect thereto are unpreserved for appellate review *(see, People v Osuna,* 65 NY2d 822; *People v Santiago,* 52 NY2d 865; *People v Gomez,* 112 AD2d 445).

The defendant similarly failed to object to the claimed errors in the prosecutor's summation and in the court's charge. Therefore, any errors of law with respect to those claims are also unpreserved for appellate review *(see, People v Nuccie,* 57 NY2d 818; *People v Contes,* 60 NY2d 620, 621).

Contrary to the defendant's contention, his convictions for sodomy in the second degree, sexual abuse in the first degree, and endangering the welfare of a child need not be dismissed because they were based upon the same act as the more serious charge of sodomy in the first degree. " '[W]here [a] verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count' " *(People v Campbell,* 86 AD2d 403, 405, quoting *People v Grier,* 37 NY2d 847, 848). However, a crime will be considered a lesser included offense only when the greater crime theoretically could not be committed without the lesser offense also being committed *(see, People v Glover,* 57 NY2d 61, 64; *People v Green,* 56 NY2d 427, 430; *see also, People v Hayes,* 43 AD2d 99, *affd* 35 NY2d 907). The defendant was charged with sodomy in the first degree and sexual abuse in the first degree based upon his use of forcible compulsion, while the counts of sodomy in the second degree and sexual abuse in the second degree were based upon the complainant's being under 14 years of age. The count of endangering the welfare of a child is based upon entirely distinct elements from the above crimes *(see,* Penal Law § 260.10 [1]). Each of these crimes involved distinct elements, and the defendant could theoretically have committed one without committing

the others *(see, People v Cirina,* 143 AD2d 763; *People v Saddlemire,* 121 AD2d 791, 793). Therefore, dismissal of the lesser convictions is not required *(see, People v Bolton,* 103 AD2d 806). Thompson, J. P., Eiber, Balletta and Ritter, JJ., concur.