■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL A. BOYER, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered December 22, 1989, upon a verdict convicting defendant of the crimes of sodomy in the first degree and assault in the third degree.

Testimony elicited at trial revealed that in the late evening of March 25, 1989, after soliciting a prostitute (hereinafter the victim) in the City of Binghamton, Broome County, defendant drove her to a secluded area and there, when she refused his advances, punched her in the head and demanded that she remove her clothes. Fearful, but thinking that she might be able to escape, she told defendant that she needed to urinate; however, he grabbed her by the hair while she was out of the car and she was unable to get away. Defendant then pushed her into the back seat and forced her to perform oral sex for several minutes. A passerby, Brian Takacs, who was approaching the vehicle at that point, testified that after a brief exchange with defendant, during which Takacs said that he was going to bring a car down the road and defendant replied that he would move his vehicle to make room, the victim called out "run and get help". In response, defendant replied "shut up, bitch" and explained to Takacs that the victim was his "old lady" and that they were fighting. When Takacs left, defendant punched the victim again, threatened to kill her and forcefully inserted his fingers into her rectum. Her pleas to him to stop were of no avail. Instead, he reached under the car seat and placed something against her head which she did not see, but which defendant said was a gun.

Because he apparently saw a car approaching, defendant commanded the victim to get dressed and began to get dressed himself. Taking advantage of this lapse in defendant's attention, the victim ran from the car to a nearby house where she pleaded to be taken in. The residents of the house attested that the victim was wearing nothing but stockings, was bleeding from her lip and ear, and was hysterical.

Defendant was indicted for sodomy in the first degree, aggravated sexual abuse in the second degree and assault in the third degree. Following a jury trial, he was convicted of the sodomy and assault charges, and sentenced to an indeterminate term of imprisonment of 6 to 18 years for sodomy and to one year for assault, to run concurrently. On appeal,

defendant argues that the jury should have been instructed that sexual misconduct is a lesser included offense of sodomy (see, People v Saddlemire, 121 AD2d 791, 793, lv denied 68 NY2d 917), that he was denied effective assistance of counsel, and that the sentence was harsh and excessive.

Inasmuch as defendant never requested an instruction on the lesser included offense, nor objected to the charge as given, that issue has not been preserved for review.

Also without merit is defendant's contention that because his counsel neglected to request such a charge, defendant was not afforded meaningful representation. The premise underlying this argument is that the jury could have found that the victim was "persuaded" to perform oral sex by threats of pain but not physical injury, or that defendant "tricked" her into doing so and thus his actions were consistent with sexual misconduct but not the graver offense of sodomy. It is undisputed, however, that when the victim escaped she was bleeding from several places about the face and head. To conclude that she was threatened, but yet was not in fear of injury, the jury would have to "engage in a wholly arbitrary, even irrational, selection from the proof" (People v Scarborough, 49 NY2d 364, 372), in short, a legally unacceptable exercise (see, People v Blim, 63 NY2d 718, 720-721). Furthermore, there is no way to reconcile much of the undisputed evidence, such as the victim's plea for help and the fact that virtually naked she fled from defendant, with any theory of trickery or consent (see, People v Galvin, 65 NY2d 761, 762). There being no reasonable view of the evidence which would support a finding of sexual misconduct rather than sodomy, trial counsel's failure to request such a charge cannot be said to have deprived defendant of meaningful representation. As for defendant's other criticisms of his trial counsel's decisions, defendant's failure to demonstrate the absence of any strategic or other legitimate explanation for his counsel's choices leads us to conclude that they were made as part of a reasonable defense strategy (see, People v Garcia, 75 NY2d 973, 974).

Finally, in view of the deliberate nature of defendant's acts, the terror he instilled in his victim and the possible outcome if he had not been interrupted, we find the sentence imposed by County Court to be neither harsh nor excessive.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.