■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMENCIO BAEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered May 25, 1988, as amended June 17, 1988, convicting him of rape in the first degree (two counts), rape in the second degree, sodomy in the first degree, attempted sodomy in the second degree, attempted sodomy in the first degree (two

counts), sexual abuse in the first degree, sexual abuse in the second degree, and endangering the welfare of a child (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant was convicted, *inter alia,* of committing acts of sexual abuse over the course of several months against four of his nieces, three of whom were sisters. The defendant contends that the trial court improperly admitted the testimony of the sisters' mother as evidence of the sisters' "prompt outcry". However, since the record does not indicate that the defendant raised an objection to the admission of the testimony at trial, any claimed errors with respect thereto are unpreserved for appellate review *(see, People v Osuna,* 65 NY2d 822; *People v Bacchus,* 175 AD2d 248, 249; *People v Gomez,* 112 AD2d 445, 446). The defendant similarly failed to object to the claimed errors regarding the "prompt outcry" testimony of the other niece's mother, and therefore any alleged errors with respect thereto are unpreserved for appellate review *(see, People v Osuna, supra; People v Bacchus, supra).* Under the circumstances of this case, we find no basis to review the unpreserved issues in the exercise of our interest of justice jurisdiction.

Furthermore, the sentence imposed was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780). Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.