■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN GRANT, Appellant. [630 NYS2d 948] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garson, J.), rendered August 13, 1993, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions are unpreserved for appellate review (see, CPL 470.05 [2]; People v Bacchus, 175 AD2d 248; People v McDonald, 144 AD2d 701; People v Balls, 69 NY2d 641), and we decline to reach them in the exercise of our interest of justice jurisdiction. Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACEY HUDSON, Appellant. [630 NYS2d 945] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered July 21, 1993, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was insufficient to establish that she sold three glassine envelopes of heroin to an undercover police officer is without merit. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of evidence of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Rosenblatt, J. P., Altman, Hart and Friedmann, JJ., concur.