■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND HOLMAN, Appellant. [673 NYS2d 275] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant's conviction is supported by legally sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). County Court properly denied the motion of defendant to suppress his statements to the police because defendant did not unequivocally invoke his right to counsel (*see, People v Glover*, 87 NY2d 838, 839; *People v Santiago*, 72 NY2d 836, 837-838; *People v Fridman*, 71 NY2d 845, 846). In addition, defendant's indelible right to counsel did not attach because defendant was not in custody when he made his comment concerning counsel (*see generally, People v West*, 81 NY2d 370, 373-374; *People v Davis*, 75 NY2d 517, 521-523; *People v Yukl*, 25 NY2d 585, *mot to amend remittitur denied* 26 NY2d 845, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851).

Defendant further contends that the court erred in denying his motion to sever those counts of the indictment relating to incidents that occurred on or about July 10 and 11, 1995 from those relating to incidents that occurred between June 2, 1995 and July 7, 1995. We disagree. The charges in the indictment were properly joined because they are "the same or similar in law" (CPL 200.20 [2] [c]), and defendant failed to establish that severance was required in the interest of justice and for good cause shown (*see, People v Bruce*, 216 AD2d 913, 914, *lv denied* 86 NY2d 872).

We likewise reject defendant's contention that discrepancies between times and dates in the indictment, as supplemented by the People's bill of particulars, and the young victim's testimony require reversal. In light of the victim's age and the nature and circumstances of the offenses, the time frames set forth in the indictment were reasonable (*see, People v Keindl*, 68 NY2d 410, 419, *rearg denied* 69 NY2d 823; *People v Morris*, 61 NY2d 290, 294-296). Moreover, the discrepancies did not hamper the ability of defendant to present a defense and are excusable (*see, People v Carney*, 222 AD2d 1006, 1007, *lv denied* 88 NY2d 877).

We also reject the contention of defendant that his conviction

of sexual abuse in the first degree should be vacated because it is a lesser included offense of rape in the first degree and sodomy in the first degree (*see, People v Daniels*, 222 AD2d 1065, *lv denied* 87 NY2d 972; *People v Szarka*, 163 AD2d 758, *lv denied* 76 NY2d 944; *People v Saddlemire*, 121 AD2d 791, *lv denied* 68 NY2d 917).

We agree with defendant, however, that the sentences imposed on his conviction of two counts of patronizing a prostitute in the first degree are illegal. The court imposed sentences of 12½ to 25 years on each count, but the maximum sentence that a second felony offender may receive for the class D felony of patronizing a prostitute in the first degree is 3½ to 7 years (*see*, Penal Law § 70.06 [3] [d]; [4] [b]). We modify the judgment, therefore, by reducing the sentences imposed for the two counts of patronizing a prostitute in the first degree to indeterminate terms of incarceration of 3½ to 7 years.

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Smith, J.—Sodomy, 1st Degree.) Present—Lawton, J. P., Hayes, Callahan, Balio and Boehm, JJ.