THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH T. OGBORN, Appellant. [865 NYS2d 746]—

Stein, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered February 26, 2007, upon a verdict convicting defendant of two counts of the crime of sodomy in the first degree.

Defendant was convicted after a jury trial of two counts of

sodomy in the first degree* for having engaged in deviate sexual conduct in 1997 with two victims under the age of 11. Defendant was sentenced to a prison term of 15 years on each count, to run consecutively, and five years of postrelease supervision. Defendant's motions to set aside the jury verdict and to vacate the sentence were both denied. However, in May 2007, County Court vacated the original sentence—due to the fact that such sentence was not authorized by law in 1997—and resentenced defendant to two consecutive prison terms of 8³/₄ to 17¹/₂ years. Defendant now appeals.

Initially, we note that defendant failed to preserve any argument with regard to the legal sufficiency of the evidence as to count one by failing to make a trial motion to dismiss with respect thereto (*see People v Gathers*, 47 AD3d 959, 959 [2008], *lv denied* 10 NY3d 863 [2008]). Moreover, we reject defendant's assertion that the trial evidence was legally insufficient to establish sodomy in the first degree as to count two. A person is guilty of sodomy in the first degree, as defined in 1997, when "he [or she] engages in deviate sexual intercourse with another person . . . [w]ho is less than eleven years old" (Penal Law former § 130.50 [3]). " 'Deviate sexual intercourse' means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and penis, or the mouth and the vulva" (Penal Law former § 130.00 [2]).

Here, the victim of count two testified that, in May 1997—when she was four years old—defendant (then in his 20s) penetrated her anus with his penis. Both victims testified consistently with regard to the circumstances surrounding the charges. Contrary to defendant's assertion, we do not find the victim's testimony to be unworthy of belief as a matter of law (*see People v Smith*, 272 AD2d 713, 715-716 [2000], *lv denied* 95 NY2d 871 [2000]). In addition, the physician who examined the victim in 2006 testified that she had anal scarring that was at least one year old at the time of examination. Viewing the evidence in the light most favorable to the People, we conclude that there is a valid line of reasoning which could lead a rational trier of fact to find that defendant was guilty of sodomy in the first degree beyond a reasonable doubt (*see People v Bleakley*, 69

* Penal Law § 130.50 was amended in 2003 and "sodomy" in the first degree is now known as "criminal sexual act" in the first degree (*see* Penal Law § 130.50, as amended by L 2003, ch 264, § 20). Furthermore, the term "deviate sexual intercourse" is now referred to as "oral sexual conduct" or "anal sexual conduct" (*see* Penal Law § 130.00, as amended by L 2003, ch 264, § 12).

NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]; *People v Brown*, 46 AD3d 949, 951 [2007], *lv denied* 10 NY3d 808 [2008]).

We also disagree with defendant's contention that County Court erred in denying his motion to charge the jury with sexual abuse in the first degree as a lesser included offense of sodomy in the first degree. "To qualify as a lesser included offense, it must first be determined on an abstract comparative examination of the statutes defining the two crimes that it is theoretically impossible to commit the greater crime without concomitantly committing the lesser" (*People v Saddlemire*, 121 AD2d 791, 793 [1986], *lv denied* 68 NY2d 917 [1986] [citation omitted]). It is well settled that "sexual abuse in any degree does not qualify as a lesser included offense of sodomy in the first degree since all degrees of sexual abuse require as an element that the sexual contact be for the purpose of gratifying the sexual desire of either party . . . , whereas sodomy in the first degree does not" (*id.*; *see* Penal Law former § 130.00 [3]; *People v Holman*, 249 AD2d 947, 947-948 [1998], *lv denied* 92 NY2d 899 [1998]; *People v Cirina*, 143 AD2d 763, 763-764 [1988], *lv denied* 73 NY2d 854 [1988]). Thus, County Court properly denied defendant's motion.

Defendant next challenges the sentence imposed. To the extent that defendant appeals from the initial judgment of conviction, the issue is moot as County Court later resentenced him to indeterminate terms in accord with the law at the time he committed the crimes. We further note that, inasmuch as defendant did not appeal his resentencing, issues surrounding the resentencing are not properly before us (*see People v Kuras*, 49 AD3d 1196, 1197 [2008], *lv denied* 10 NY3d 866 [2008]). In any event, although defendant correctly argues that the aggregate term of the two indeterminate terms was not authorized, it is the duty of the Department of Correctional Services to administratively recalculate the sentence to the legally permitted limit of 15 to 30 years and no modification is required by this Court (*see* Penal Law § 70.30 [1] [e] [i]; *People v Moore*, 61 NY2d 575, 578 [1984]; *People v Sheppard*, 273 AD2d 498, 500 [2000], *lv denied* 95 NY2d 908 [2000]; *People v Brown*, 255 AD2d 686, 688 [1998], *lv denied* 92 NY2d 1029 [1998]). To the extent that defendant is arguing that the Department has not made the recalculation, his remedy is to commence a CPLR article 78 proceeding (*see e.g. Matter of Patterson v Goord*, 299 AD2d 769 [2002]).

Mercure, J.P., Peters, Spain and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.