People v White (2022 NY Slip Op 05113)

People v White

2022 NY Slip Op 05113

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

113101
[*1]The People of the State of New York, Respondent,
v
Tyler L. White, Appellant.

Calendar Date:August 18, 2022

Before:Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ.

Cambareri & Brenneck, Syracuse (Melissa K. Swartz of counsel), for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Essex County (Richard B. Meyer, J.), rendered June 22, 2021, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with assault in the second degree pursuant to a plea agreement that satisfied a related weapons charge. Under the plea terms, the People promised to recommend a sentence of four months in jail to be followed by five years of probation, with sentencing left to the discretion of County Court, which made no sentencing commitment. Defendant was advised that a prison sentence of up to seven years could be imposed on the charge to which he pleaded guilty, was required to waive his right to appeal and executed a written waiver of appeal. The court thereafter sentenced defendant on June 22, 2021 to a prison term of six years to be followed by five years of postrelease supervision (hereinafter PRS). Defendant appeals.
Defendant argues that the sentence imposed on June 22, 2021 should be reduced in the interest of justice and, alternatively, that the failure to inform him during the plea proceedings that, if a determinate sentence were imposed, it would include a period of PRS rendered his guilty plea invalid and requires vacatur of the judgment of conviction. However, the record reflects that County Court thereafter learned that the PRS component of the sentence was unlawful [FN1] and resentenced defendant on April 25, 2022 to a prison term of six years to be followed by two years of PRS. Defendant only appealed from the original sentence and no notice of appeal was filed following the resentence. Moreover, defendant's appellate briefs filed after that resentencing merely state that the PRS term was "corrected" and do not address the distinct legal issues raised by the resentencing.[FN2] In view of the foregoing, defendant's challenge to the original sentence is moot (see People v Ogborn, 55 AD3d 1054, 1056 [3d Dept 2008], lv denied 12 NY3d 761 [2009]; People v Clayton, 38 AD3d 1131, 1131-1132 [3d Dept 2007], lv denied 9 NY3d 841 [2007]). Defendant's remaining contention is not properly before us.
Garry, P.J., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the appeal is dismissed, as moot.

Footnotes

Footnote 1: Assault in the second degree is a class D violent felony (see Penal Law § 120.05) for which a period of PRS of between 1½ and 3 years is required (see Penal Law §§ 70.02 [1] [c]; 70.45 [2] [e]).

Footnote 2: We decline to exercise our discretion to treat the notice of appeal as premature and address the appeal from the original sentence as an appeal from resentencing (compare People v McFadden, 127 AD3d 1340, 1341 [3d Dept 2015], lv denied 26 NY3d 932 [2015]; see generally CPL 460.10 [6]).