OPINION OF THE COURT

Per Curiam.

To establish entitlement to a lesser included offense charge, the defendant must make two showings. First, it must be shown that the additional offense that he desires to have charged is a “lesser included offense”, i.e., that it is an offense of lesser grade or degree and that in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense. That established, the defendant must then show that there is a reasonable view of the evidence in the particular case that would support a finding that he committed the lesser offense but not the greater.
*64 The first requirement — that it is theoretically impossible to commit the greater crime without at the same time committing the lesser — is mandated by the provisions of CPL 1.20 (subd 37) and is determined by a comparative examination of the statutes defining the two crimes, in the abstract. The second, sequential requirement, prescribed by CPL 300.50 (subd 1), calls for an assessment of the evidence of the particular criminal transaction in the individual case and a determination that there is a reasonable view of such evidence which would support a finding that, while the defendant did commit the lesser offense, he did not commit the greater. This is the manner in which we have recently recognized that this two-pronged test is to be applied (People v Ramirez, 55 NY2d 708; People v Miguel, 53 NY2d 920). To the extent that our decisions in People v Johnson (39 NY2d 364), People v Cionek (35 NY2d 924), and People v Hayes (35 NY2d 907), which resolved the first inquiry as to whether the lesser crime was an included offense by examination only of the criminal transaction on which the particular prosecution was predicated — and People v Stanfield (36 NY2d 467) insofar as it cites Cionek and Hayes with approval at page 472 — may be read as at variance with this application, they are no longer to be followed. Thus, it must now be shown that, in theory, the charged, greater crime could not be committed without the lesser offense also being committed and, additionally, that in the particular case the jury would be warranted in finding that the defendant committed the lesser but not the greater crime.
Turning to the case now before us, we reject defendant’s contention that it was error for the trial court to have denied his request that criminal facilitation in the second degree (Penal Law, § 115.05) be charged as a lesser included offense of the charge of criminal sale of a controlled substance in the second degree (Penal Law, § 220.41, subd 1). Comparative examination of these two statutes discloses that it would be theoretically possible for a defendant illegally to sell a drug without intending to aid anyone else in the commission of a class A felony (as, for instance, when the criminal transaction involved only the defendant and an undercover police buyer). Inasmuch as *65 defendant here is thus unable to satisfy the first prong of the test, it is immaterial whether there is a reasonable view of the evidence in this particular case that would support a finding that he committed the crime of criminal facilitation in the second degree but not the crime of criminal sale of a controlled substance in the second degree. Accordingly, it was not error to have refused defendant’s request to charge.
We also reject defendant’s submission that it was an abuse of discretion for the trial court, after a hearing to have closed the trial to the public during the testimony of the undercover agent who was then still actively engaged in narcotics investigation.
We have examined defendant’s other contentions and find them to be without merit.
For the reasons stated the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order affirmed.