■ Arthur R. Johnson et al., Respondents, v Leon Jakubowski, Appellant. — Order unanimously affirmed, with costs, for reasons stated at Trial Term, Murphy, J. (Appeal from order of Supreme Court, Oneida County, Murphy, J. — serve supplemental answer.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.

■ The People of the State of New York, Respondent, v Edward C. Harris, Appellant. — Judgment unanimously affirmed. Memorandum: We find no merit to defendant's assertion that the court erred by refusing to charge attempted grand larceny in the third degree (Penal Law, § 155.30, subd 5) as a lesser included offense of attempted robbery, second degree (Penal Law, § 160.10, subd 1). The standard to be applied by the court on a request to charge lesser included offenses (CPL 300.50) has changed significantly under the recent decision in *People v Glover* (57 NY2d 61, 64), which holds that before an assessment of the evidence of the particular criminal transaction is made, it must first be demonstrated that "it is theoretically impossible to commit the greater crime without at the same time committing the lesser" based on an "examination of the statutes defining the two crimes, in the abstract". Viewed in this light, grand larceny in the third degree is not a lesser included offense of robbery in the second degree. An element of the former, the taking of property from the person of another (Penal Law, § 155.30, subd 5) is not required in the latter (Penal Law, § 160.10). "If the lesser crime requires demonstration of an element or fact not required by the greater, the impossibility test has not been met and the charge should not be given" (*People v Green,* 56 NY2d 427, 431). The court properly declined to give the requested charge. We have examined the other arguments advanced by defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Reed, J. — attempted robbery, second degree.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.