■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MARTIN, Appellant. (Action No. 1.) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LUMA, Appellant. (Action No. 2.) — Appeals, in Action No. 1, (1) from a judgment of the County Court of Albany County (Harris, J.), rendered February 29, 1980, upon a verdict convicting defendant of the crimes of burglary in the first degree and assault in the second degree, and (2) by permission from an order of said court, entered June 8, 1982, which denied, without a hearing, defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. Appeal, in Action No. 2, from a judgment of the County Court of Albany County (Harris, J.), rendered February 29, 1980, upon a verdict convicting defendant of the crime of criminal trespass in the second degree. These convictions stem from a nocturnal raid on September 16, 1979, in the Town of Knox, Albany County, when a maternal grandfather, in company with his daughter and a longtime friend, sought to rescue his grandson from the home of the paternal grandparents where the child had been surreptitiously secreted by his father after flight from the matrimonial domicile in Florida. That grandfather, defendant Martin, has been sentenced

to an indeterminate term of imprisonment with a minimum of two years and a maximum of six years. His longtime friend and helper on this occasion, defendant Luma, has been sentenced to one year in the Albany County Jail. Both defendants have been free on bail since their sentencing on February 29, 1980, pending these appeals. A detailed recitation of the involved and complicated family difficulties that led up to a violent climax at 2:00 A.M. that fateful Saturday morning is unnecessary. Suffice it to say that the circumstances are more characteristic of proceedings in Family Court, and, in this case, the complainant should have been informed of his right to choose the forum in which to proceed (*People v Garcia,* 98 Misc 2d 907). We note that although one of the charges upon which defendant Martin was convicted is burglary, not a family offense under the statute (Family Ct Act, § 812), the burglary is, arguably, so inextricably related by common elements to the assault upon one of the family members as to bring that offense within the jurisdiction of the Family Court (*People v Williams,* 24 NY2d 274, 287). What is even more significant is the fact that all of the principals in this unfortunate matter are now reunited and the entire family unit has been preserved with recognition of the error of their ways, and they obviously are committed to a future as industrious, law-abiding citizens, such being evidenced by the exemplary conduct of all parties for over a three-year period. Moreover, on the argument of this appeal, the People, with commendable candor, urged this court to exercise the powers vested in it to act in the interests of justice (CPL 470.15, 470.20). We have no difficulty complying with that request after review of this record and, accordingly, set forth our reasons for the action we take (CPL 470.25). As to defendant Martin, the record demonstrates that there exists a reasonable view of the evidence upon which it could be found that defendant Martin had committed assault in the third degree, but not assault in the second degree of which he was convicted (CPL 1.20, subd 37; *People v Glover,* 57 NY2d 61). The basis of the conviction for the higher crime is that Martin was charged with using a baseball bat in the fracas that resulted in injuries to others; but this evidence is in conflict. Particularly, a doctor who treated an injured party, when asked if the injuries could have been caused by either a blunt instrument or a fist, testified that the cause of the injuries was inconclusive. Therefore, in our view, the request for the charge of assault in the third degree should have been granted (see *People v Henderson,* 41 NY2d 233). In addition, there is merit to defendant's contention that the complainant should have had the opportunity to exercise his option to proceed in Family Court if so advised (*People v Garcia,* 98 Misc 2d 907, *supra*). Finally, we are compelled to observe that, in our view, a mandatory sentence of this defendant to States prison does not serve the ends of justice (see *People v Royster,* 117 Misc 2d 112). As to defendant Luma, although not a member of the family, his loyalty to his friend, defendant Martin, enmeshed him in this family squabble. However, the jury, by its verdict, concluded that Luma was not involved in any burglary or assault and was guilty only of a criminal trespass. Considering these facts, and his excellent past record, we conclude that the sentence imposed was, under all the circumstances, harsh and excessive, and should be reduced to a sentence of unconditional discharge (CPL 470.20, subd 6; Penal Law, § 65.20). In Action No. 1, judgment and order reversed, on the law and the facts, and as a matter of discretion in the interests of justice, and a new trial ordered. In Action No. 2, judgment modified, as a matter of discretion in the interests of justice, by vacating the sentence imposed and sentencing defendant to an unconditional discharge, and, as so modified, affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.