■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO MURPHY, Appellant. — Judgment, Supreme Court, Bronx County (Parness, J.), rendered February 4,1982, which convicted defendant, following a jury trial, of rape in the first degree, and sentenced him, as a youthful offender, to an indeterminate term of imprisonment of not less than one and one-third years nor more than four years, unanimously reversed, on the law and on the facts, and the case remanded for a new trial. Late in the morning of September 24, 1980, while waiting for a friend in front of Truman High School, 14-year-old Dawn Rogers (Rogers) was invited by a schoolmate named Ricky Harris (Harris) to accompany him to a store. As Rogers and Harris walked toward the store, two teenage boys, who Rogers did not know, joined them. Harris introduced them as his friends. One of these young men was the defendant, and the other one was named Paul Cabrera. When they arrived at the store, Harris told Rogers that neither he nor the other young men would go in because the people in there did not like Harris. Thereupon the four of them continued to walk. Finally they reached 4160 Hutchinson River Parkway. Harris informed Dawn that this building contained a lot of little stores. Rogers refused to go in. Then, wordlessly, the defendant and the two other young men dragged Rogers

inside this house and rushed her into an apartment on the seventh floor, where another young man named Lindsay Calhoun (Calhoun) awaited them. Rogers testified that during the next two hours she was compelled to have sexual intercourse with defendant, and each of the young men, because they all manhandled her, took off her clothes, threatened her with harm and told her that she could not leave unless she complied. When Rogers was permitted to leave, Calhoun escorted her to the bus stop, where he gave her carfare. She took the bus back to school and found everyone had left. Then she went home, where she saw her mother. Instead of telling her about the incident, Rogers went shopping. Several hours after the alleged attack, she met her girlfriend Kathy Burgess (Burgess), who asked her where she had been earlier that day and Rogers told her about the rape. It was Burgess who eventually triggered the police investigation of the incident. Physical examination of Rogers did not reveal any evidence of trauma. However, laboratory analysis revealed evidence of sperm on her undergarments. Rogers, in her testimony, did not define or describe the type of physical injury she feared. She testified: "I was sitting there, I was thinking what could I do, there is four of them out there, they could beat me up or do anything because they was [sic] already threatening and saying I don't want to have to hurt you, I didn't know what they were going to do to me." The indictment consists of one count. It charges rape in the first degree, committed by "forcible compulsion". The definition (Penal Law, § 130.00, subd 8) of "forcible compulsion" contains these pertinent words: "'Forcible compulsion' means physical force * * * or a threat, express or implied, that places a person in fear of immediate death or *serious physical injury*" (emphasis added). Our review of the record leads us to conclude that there is an issue of fact as to whether Rogers feared only "physical injury" rather than "serious physical injury". Thus, we hold that the trial court erred in refusing to charge the lesser included offense of coercion in the second degree (Penal Law, § 135.60), which may be committed "by means of instilling * * * a fear that, if the demand is not complied with * * * physical injury to a person" will be caused. "Upon the evidence in this case the jury could have found that defendant's threat, in view of his use of minimal force, was at most cause for complainant to fear physical injury within the terms of coercion in the second degree, but not *death or serious physical injury* as required to establish forcible compulsion" (*People v Greer,* 49 AD2d 297, 301, affd 42 NY2d 170). *People v Glover* (57 NY2d 61, 63), teaches us that: "To establish entitlement to a lesser included offense charge, the defendant must make two showings. First, it must be shown that the additional offense that he desires to have charged is a 'lesser included offense', i.e., that it is an offense of lesser grade or degree and that in all circumstances, not only those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense. That established, the defendant must then show that there is a reasonable view of the evidence in the particular case that would support a finding that he committed the lesser offense but not the greater." We find that the two-pronged test of *Glover* has been satisfied. Concur — Sullivan, J. P., Ross, Bloom, Fein and Alexander, JJ.