■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND PEET, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals his conviction of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) based on the allegation that he uttered or possessed an altered New York State food stamp authorization which he attempted to exchange for food stamps at a bank. The indictment charged defendant with criminal possession of a forged instrument in the first degree (Penal Law § 170.30) and alleged that, with knowledge that it was forged and with intent to defraud, he uttered or possessed a forged instrument which was "[p]art of an issue of money, stamps, securities or other valuable instruments issued by a government or government instrumentality". On this appeal, defendant contends that the trial evidence was insufficient to permit the charge of criminal possession in the first degree to be submitted to the jury, that second degree criminal possession is not a lesser included offense of the crime charged in the indictment and that the court erred in denying his trial order of dismissal. We disagree.

A trial order of dismissal "dismissing any count of an indictment upon the ground that the trial evidence is not legally sufficient to establish the offense charged therein or any lesser included offense" is authorized by CPL 290.10 (1) (a). To establish that an offense is a "lesser included offense" within the meaning of CPL 1.20 (37) "it must * * * be shown that, in theory, the charged greater crime could not be committed without the lesser offense also being committed" *(People v Glover,* 57 NY2d 61, 64). That burden was met in this case. Criminal possession of a forged instrument in the first degree as charged in the indictment requires proof that, with knowledge of the forgery and with the intent to defraud, defendant utters or possesses money or other valuable instruments issued by a government instrumentality (Penal Law §§ 170.30, 170.15 [1]). The second degree offense requires exactly the same elements, except that the prosecution need not prove the instrument is "valuable"; rather, the lesser offense is committed if the forged document is a "written instrument officially issued or created by a * * * governmental instrumentality" (Penal Law §§ 170.25, 170.10 [3]). Since it is theoretically impossible to possess a valuable government instrument without concomitantly possessing a government instrument, the second degree offense is a lesser included offense of the greater, first degree offense. Thus, the trial court did not err in denying defendant's trial motion to dismiss the indict-

ment because the trial evidence at least was legally sufficient to establish the lesser included offense (CPL 290.10 [1]). The *Sandoval* and *Sandstrom* issues raised by the defendant are without merit. (Appeal from judgment of Genesee County Court, Morton, J.—criminal possession of forged instrument, second degree.) Present—Dillon, P. J., Callahan, Denman, Pine and Schnepp, JJ.