(January 16, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HAYNES, Appellant.—Judgment of the Supreme Court, Bronx County (David Stadtmauer, J.), rendered June 13, 1984, convicting defendant, after a nonjury trial, of grand larceny in the third degree and criminal possession of stolen property in the second degree, and sentencing defendant to five years' probation concurrent with an intermittent term of 3½ months' weekend imprisonment, unanimously modified, on the law, to vacate defendant's conviction for grand larceny in the third degree, and, as so modified, affirmed.

The relevant facts are not disputed. Defendant took a stereo set and other personal property from the apartment of complainant Gregory Anderson. Defendant was indicted for robbery in the second degree and criminal possession of stolen property in the second degree. Over the objections of both prosecutor and defense counsel, defendant was convicted of

third degree grand larceny, which the court considered a lesser included offense of second degree robbery.

A crime is only a lesser included offense of another crime if commission of the greater offense necessarily entails commission of the lesser offense. *(People v Glover,* 57 NY2d 61 [1982].) Second degree robbery, considered the greater offense by the trial court, is committed when property is forcibly stolen with the aid of another person actually present. (Penal Law § 160.10 [1].) Third degree grand larceny, here considered the lesser offense, simply involves stealing property worth more than $250 (Penal Law § 155.30 [1]). It is readily apparent that second degree robbery does not necessarily entail third degree grand larceny because the value of property taken in a second degree robbery need not be more than $250. Accordingly, defendant's conviction of third degree grand larceny must be vacated.

The remaining issue raised by defendant is whether the property taken was proven to be of sufficient worth to support a conviction for possession of stolen property in the second degree. The items taken from Anderson's apartment included three leather jackets, a pair of leather pants, a backgammon set, a Polaroid camera with flash attachment, a leather bag, eyeglasses and three stereo components purchased new two months before they were stolen. There is little doubt that these items together are worth at least the $250 necessary to sustain a conviction for second degree possession of stolen property. Testimony at trial by Ed Balisle, a general manager for Radio Shack, the only retailer of the stereo components whose value is at issue, established that the replacement cost of those components at the time of the theft was $400. Additional testimony showed that the two-month-old stereo equipment was in working condition. It is also noteworthy that defendant himself admitted that the leather jackets taken had a value of about $100. In light of this testimony, we have little difficulty in affirming the trial court's finding that the value of all the stolen items exceeds the $250 amount necessary to support a conviction for second degree possession of stolen property. Concur—Murphy, P. J., Sandler, Fein, Milonas and Ellerin, JJ.