■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOHN GROSSMAN, Appellant.

We have examined defendant's remaining contentions and find them to be without merit.

All concur, except Callahan, J. P., who dissents and votes to affirm in the following memorandum.

Callahan, J. P. (dissenting). I cannot concur with the majority that expert testimony was required to determine whether the actions of the defendant created a grave risk of death. The admissibility and bounds of expert testimony are addressed primarily to the sound discretion of the trial court *(Selkowitz v County of Nassau,* 45 NY2d 97). "It is for the trial court in the first instance to determine when jurors are able to draw conclusions from the evidence based on their day-to-day experience, their common observation and their knowledge, and when they would be benefited by the specialized knowledge of an expert witness." *(People v Cronin,* 60 NY2d 430, 433.) Expert testimony is not required to prove that defendant's conduct in turning on gas jets on the kitchen stove, closing all the windows of the house, lighting a candle and leaving the victim bound and gagged in his house, could create "a grave risk of death". (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—robbery, first degree, and reckless endangerment, first degree.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ.