OPINION OF THE COURT
Dan Lamont, J.
Appeal from a judgment of the Town Court, Town of Middleburgh, rendered August 20, 1986, convicting defendant after trial by jury of menacing in violation of Penal Law § 120.15 and imposing a definite sentence of imprisonment.
Defendant was charged with assault in the third degree in violation of Penal Law § 120.00 (1) by the information of *313 Deputy Sheriff Thomas V. Molle, arising from an altercation which took place on March 21, 1986. At the conclusion of a trial on August 20, 1986, the jury found the defendant not guilty of assault in the third degree, but found him guilty of menacing in violation of Penal Law § 120.15, as a "lesser included offense” charged by the court.
The seminal case as to whether a crime is a lesser included offense is People v Glover (57 NY2d 61 [1982]). Whether a crime is a lesser included offense pursuant to the provisions of CPL 1.20 (37) and 300.50 is determined by a two-tiered analysis, to wit: (1) considering in the abstract the Penal Law definition of the crime charged in the accusatory instrument in relation to the Penal Law definition of the claimed lesser included offense, is it theoretically impossible to commit the greater crime without at the same time committing the lesser; (2) is there a reasonable view of the evidence in the particular case that would permit the jury to conclude that the defendant committed the lesser but not the greater offense (People v Glover, supra; People v Green, 56 NY2d 427 [1982]).
The defendant was charged with assault in the third degree in violation of Penal Law § 120.00 (1) which provides:
"A person is guilty of assault in the third degree when:
"1. With intent to cause physical injury to another person, he causes such injury to such person” (emphasis supplied). The court submitted to the jury as a "lesser included offense” menacing in violation of Penal Law § 120.15 which states: "A person is guilty of menacing when, by physical menace, he intentionally places or attempts to place another person in fear of imminent serious physical injury” (emphasis supplied).
Considering the Penal Law definitions of such crimes in the abstract, this court determines that it is entirely possible to commit the greater crime of assault, in the third degree, without concomitantly, by the same conduct, committing the lesser offense of menacing. The elements of assault, third degree, are the intentional causing physical injury, whereas the elements of menacing include intentionally placing another person in fear of serious physical injury. Accordingly, menacing fails to meet the first prong of such two-tiered analysis and is not a lesser included offense of assault in the third degree.
Although defense counsel did not object when informed by the Town Judge that menacing would be submitted as a lesser included offense, the conviction must be reversed and the *314 information dismissed because the defect is jurisdictional. The information charging the defendant with assault in the third degree did not charge the defendant with intentionally placing another person in fear of imminent serious physical injury; therefore, the conviction of the defendant of a crime containing such additional uncharged elements is jurisdictionally defective.
A defendant cannot by his own conduct waive lack of subject matter jurisdiction in the court by either requesting or failing to object to a "charge down” to a crime which does not meet the first prong of the test of a legal "lesser included offense”. (People ex rel. Gray v Tekben, 86 AD2d 176 [2d Dept 1982], affd 57 NY2d 651 [1982].)
The conviction must be reversed, upon the law and the facts, and the information dismissed.