THE PEOPLE OF THE STATE OF NEW YORK, v JAMES CRUZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered November 24, 1986, convicting him of attempted robbery in the first degree, attempted robbery in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of attempted robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed; the facts have been considered and determined to have been established.

The introduction of a showup identification into evidence was proper because, under the totality of the circumstances, the procedures used were not so unduly suggestive as to expose the defendant to a substantial risk of irreparable misidentification *(see, Neil v Biggers,* 409 US 188; *People v Brnja,* 50 NY2d 366).

The defendant did not request or object to a charge which failed to instruct the jury as to evaluation of identification

testimony in a one-witness identification case and the limited probative value of "consciousness of guilt" evidence. Therefore, the claim of error is not preserved for appellate review (CPL 470.05 [2]). Moreover, there is no basis for review in the interests of justice.

The conviction of attempted robbery in the third degree must be reversed and that count of the indictment dismissed. CPL 300.40 (3) (b) requires the dismissal of every lesser inclusory concurrent count upon conviction of the greatest count. Because one cannot commit attempted robbery in the first degree without also committing attempted robbery in the third degree (*People v Glover,* 57 NY2d 61), the defendant's conviction of the latter crime must be dismissed. Mollen, P. J., Mangano, Rubin and Sullivan, JJ., concur.