FOURTH DEPARTMENT, MARCH, 1989

(March 10, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY JORDAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that reversal of his conviction of robbery in the second degree is required because the prosecutor on summation repeatedly referred to him as a liar. This issue was not preserved. Defendant attempted to persuade the jury that he had obtained the victim's property by false pretenses rather than by force. He acknowledged having practiced con games on at least 200 to 300 people in the past and having lied upon each such occasion; therefore, reversal is not required in the interest of justice (CPL 470.15 [6]).

Defendant also contends that he was prejudiced by the court's failure to charge the jury with respect to the second count in the indictment, grand larceny in the third degree (Penal Law former § 155.30 [5]). His reliance on *People v Acevedo* (40 NY2d 701, 707) for the proposition that grand larceny, third degree, under that subdivision is a lesser included crime of robbery, second degree, is misplaced *(see, People v Glover,* 57 NY2d 61; *People v Harris,* 92 AD2d 738).

We have examined defendant's other contentions and we find that none has merit. (Appeal from judgment of Oneida County Court, Buckley, J.—robbery, second degree.) Present— Dillon, P. J., Callahan, Denman, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. DOXTADER, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Oneida County Court, Darrigrand, J.—burglary, second degree.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.