■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN EARL TOBEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered March 13, 1987, convicting him of rape in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the failure of the Trial Judge to charge the jury on the lesser included offense of rape in the third degree (see, Penal Law § 130.25 [2]) constituted reversible error. We do not agree.

In order to demonstrate that he was entitled to a lesser included offense charge, the defendant was required to show that "in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense" (People v Glover, 57 NY2d 61, 63). Inasmuch as it is possible to commit the crime of rape in the first degree without concomitantly committing the crime of rape in the third degree, the Trial Judge did not err in denying the defendant's request for a charge on rape in the third degree. Moreover, there was no evidence to support a finding that the defendant committed the crime of rape in the third degree under Penal Law § 130.25 (2).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review, and, in any event, without merit. Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.