■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MARTINEZ, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: The People failed to prove the elements of reckless endangerment in the first degree. "A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person" (Penal Law § 120.25). The proof shows that defendant, armed with a loaded shotgun, held his child hostage in an upstairs bedroom and threatened to shoot the child and himself if the police came upstairs to apprehend him. The mere threat to use a gun is insufficient to support a conviction for reckless endangerment *(People v Davis,* 72 NY2d 32, 36-37). The acts of defendant must, in fact, put the life of the victim in danger *(see, People v Grossman,* 124 AD2d 974, *lv denied* 69 NY2d 746; *see also, People v Davis, supra).* Here, there is no proof that the conduct of defendant did, in fact, create a grave risk of death to the child. There was no likelihood that the police would attempt to ascend the stairs to apprehend defendant. The record is replete with testimony that the police determined not to place

the life of the child in jeopardy by attempting to apprehend defendant.

For the same reasons, defendant's conduct did not create "a substantial risk of serious physical injury" to the child and, thus, we may not reduce the conviction to reckless endangerment in the second degree (Penal Law § 120.20).

The judgment is modified, therefore, by reversing the conviction for reckless endangerment in the first degree and by vacating the sentence imposed thereon. (Appeal from judgment of Monroe County Court, Egan, J.—reckless endangerment, first degree.) Present—Dillon, P. J., Boomer, Pine, Lawton and Lowery, JJ.