■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RIVERA, Also Known as IVAN RIVERA, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (Colabella, J.), both rendered March 14, 1986, convicting him of attempted rape in the first degree, burglary in the second degree and sexual abuse in the first degree (four counts) under indictment No. 85-00878, upon a jury verdict, and burglary in the second degree (two counts), grand larceny in the third degree (two counts), and criminal mischief in the fourth degree (two counts) under indictment No. 85-00879, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We find no merit to the defendant's contention that the trial court erred by refusing his request to charge sexual abuse in the third degree as a lesser included offense of sexual abuse in the first degree. To establish entitlement to a lesser included offense charge, the defendant must show, in pertinent part, that "there is a reasonable view of [the] evidence [in the particular case that] would support a finding that [he] commit[ted] the lesser offense [but] not * * * the greater" *(People v Glover,* 57 NY2d 61, 64). "If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense" (CPL 300.50 [1]). In the case at bar, the trial court properly concluded that there was no reasonable view of the evidence that the defendant could have been guilty of third degree, but not first degree, sexual abuse *(see, People v Mazzu,* 134 AD2d 890, 891).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.