■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO MORALES, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered April 27, 1988, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him, as a second violent felony offender, to an indeterminate prison term of from 5 to 10 years, unanimously affirmed.

By failing to except to the court's charge, defendant waived his sole contention on appeal that the court committed reversible error in failing to charge third degree robbery as a lesser included offense (CPL 470.05 [2]). In any case, a third degree robbery charge was unwarranted since there was no reasonable view of the evidence that defendant committed robbery in the third degree, but not robbery in the second degree *(see, People v Glover,* 57 NY2d 61). Although the complainant himself did not actually see defendant's accomplices, the evidence as a whole, including defendant's version of the events, unequivocally established that defendant's accomplices were "actually present" during the robbery for purposes of Penal Law § 160.10 (1) *(see, People v Hedgeman,* 70 NY2d 533). Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.