■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD NICKELSON, Also Known as REGINALD NICHOLSON, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered January 19, 1989, convicting defendant, after a jury trial, of manslaughter in the first degree and

criminal possession of a weapon in the second degree, for which he was sentenced to concurrent terms of 5 to 15 years, and 2⅓ to 7 years, respectively, unanimously affirmed; order of the same Court, entered June 6, 1990, denying defendant's *pro se* motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

Defendant was convicted of the shooting death of an acquaintance, following a midnight argument, in a Bronx social club. The People's witnesses observed defendant and the deceased engaged in loud argument, during which time the deceased produced a gun. After the argument subsided, the deceased placed the gun back behind the bar, where he was working. When the deceased turned momentarily to speak to one of the People's witnesses, defendant reached over behind the bar, grabbed the gun, pointed it at the deceased, and fired three shots. The medical examiner's testimony established that the shots were fired from within two feet. Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), and giving due deference to the jury's findings of credibility *(People v Bleakley,* 69 NY2d 490), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. Further, as trial counsel never requested submission of lesser-included offenses, any such claim was waived. In any event, no reasonable view of the evidence would have supported submission of lesser-included offenses (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61).

Nor did defendant preserve any challenge either to qualification of the medical examiner or to the substance of her testimony. In any event, we find no basis to disturb the trial court's exercise of discretion in concluding that the medical examiner was competent to render conclusions as to how the wound was inflicted. Finally, defendant failed to carry his heavy burden of demonstrating that he was denied meaningful representation at trial. *(People v Baldi,* 54 NY2d 137.) Concur—Murphy, P. J., Carro, Ellerin and Asch, JJ.