■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES H. PERKINS, Appellant.—Judgment unanimously affirmed. Memorandum: The prosecutor's cross-examination of defendant's alibi witness was proper. The prosecutor was testing the basis for the witness's ability to recall details concerning the night in question and did not imply that the witness had an obligation to report her exculpatory information to the authorities *(cf., People v Dawson,* 50 NY2d 311). By failing to object to the prosecutor's summation, defendant has failed to preserve for review any argument concerning the propriety thereof.

Grand larceny in the fourth degree, which requires the taking from the person of the victim, is not a concurrent, inclusory count of robbery in the third degree, which does not contain that element *(see, People v Glover,* 57 NY2d 61, 63; *People v Harris,* 92 AD2d 738). Defendant's reliance upon pre-*Glover* cases is misplaced *(see, People v Jordan,* 148 AD2d 921).

We find that the evidence that defendant leaned into the victim's car, thrust his arm across her chest and pushed down on her right shoulder, forcing her halfway down onto the passenger seat as he removed her purse from her left shoulder, is sufficient to support the conviction for robbery in the third degree *(see, People v Crandall,* 135 AD2d 1084; *cf., People v Davis,* 71 AD2d 607). (Appeal from Judgment of Supreme Court, Oneida County, Gorman, J.—Robbery, 3rd Degree.) Present—Callahan, J. P., Doerr, Denman, Green and Lowery, JJ.