■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE SIDNEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered January 17, 1990, convicting him of attempted robbery in the third degree and grand larceny in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted for the crimes of robbery in the third degree under Penal Law § 160.05, in that he allegedly forcibly stole property, and grand larceny in the fourth degree under Penal Law § 155.30 (5), in that he allegedly stole property from the person of another.

The defendant contends that his conviction of the crime of grand larceny in the fourth degree should be reversed and that count of the indictment dismissed because it is a lesser included offense of robbery in the third degree. That contention is unpreserved for appellate review (see, CPL 470.05 [2]); in any event, it is without merit. A "crime will be considered a lesser included offense only when the greater crime theoretically ·could not be committed without the lesser offense also being committed" (People v Bacchus, 175 AD2d 248, 249; People v Glover, 57 NY2d 61, 64; People v Tobey, 163 AD2d 440). "If the lesser crime requires demonstration of an element or fact not required by the greater, the impossibility test has not been met" (People v Green, 56 NY2d 427, 431; People v Perkins, 175 AD2d 615; People v Freeman, 117 AD2d 677; People v Harris, 92 AD2d 738). Further, " 'in all circumstances, not only in those presented in the particular case, it [must be] impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense' " (People v Tobey, supra, at 440, quoting from People v Glover, supra, at 63).

Viewed in light of the foregoing definitional principles, grand larceny in the fourth degree pursuant to Penal Law § 155.30 (5) is not a lesser included offense of robbery in the third degree pursuant to Penal Law § 160.05. The defendant was charged with robbery in the third degree, in that he forcibly stole property, and grand larceny in the fourth degree pursuant to Penal Law § 155.30 (5), in that he stole property from the person of the complainant. The element of grand larceny in the fourth degree of stealing property from the

person of another is not an element of attempted robbery in the third degree, which is simple forcible stealing. Consequently, the defendant's contention that the conviction of grand larceny in the fourth degree must be dismissed because that crime is a lesser included offense of attempted robbery in the third degree is without merit (see, *People v Green, supra; People v Glover, supra; People v Perkins, supra).* Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.