■ The People of the State of New York, Respondent, v Bryant Herring, Also Known as Bryant Donald Herring, Appellant

Defendant's motion to suppress was properly denied, the record before the hearing court clearly demonstrating that there existed sufficient exigent circumstances to justify the warrantless entry into the apartment, and that the statement in question was not the product of an unlawful custodial interrogation, but was spontaneously given in response to the officers' investigatory inquiry as to what had occurred in the lobby of the building. (See, People v Huffman, 41 NY2d 29.) The officers had followed a trail of blood leading from the lobby, where a victim was bleeding profusely from a head wound, to defendant's second floor apartment. Upon the officers' inquiry, defendant immediately remarked, "Let me tell you why I cut him. I was going to kill the motherfucker."

The trial court properly permitted the People to ask their medical expert a hypothetical question concerning the risk of death, if any, to the victim if his wounds had gone untreated. The seriousness of the injuries being in issue, this testimony could assist on a matter beyond the knowledge of the typical juror. (See, People v Grossman, 124 AD2d 974, lv denied 69 NY2d 746.)

Defendant's contention that he was entitled to have the jury charged on the lesser included offense of reckless endangerment in the first degree, in addition to the counts of attempted murder in the second degree and assault in the first degree, is without merit. While the requested count is a lesser included offense of first degree assault (People v Cheung-Kok Lau, 88 AD2d 808), no reasonable view of the evidence could support a finding that defendant committed the lesser offense without also committing the greater (People v Glover, 57 NY2d 61).

Taking into account, among other things, the crimes charged, the particular circumstances of the individual before

the court and the purpose of the penal sanction, we perceive no abuse of discretion warranting a reduction in the sentence so as to reduce defendant's parole time *(see, People v Farrar,* 52 NY2d 302, 305). We have considered defendant's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.