■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WEBB, Appellant.—Judgment, Supreme Court, New York County (Bernard Fried, J.) rendered April 18, 1990, convicting defendant, after jury trial, of burglary in the second degree and sentencing him, as a persistent violent felony offender, to a term of twelve and one-half years to life, unanimously affirmed.

Defendant was apprehended in the late evening hours within the locked lobby of a residential building. Defendant was identified within minutes by the complainant as the intruder who had broken the window bars, entered complainant's ground floor apartment and proceeded to rummage through her belongings before exiting by the apartment door adjacent to the lobby. The People proved beyond a reasonable doubt that defendant knowingly and unlawfully entered complainant's dwelling with intent to commit a crime therein *(see, People v Gilligan,* 42 NY2d 969).

The trial court properly refused defendant's request to charge criminal trespass since there was no reasonable view of the evidence that defendant committed trespass but not burglary (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 64). The court expressly charged the jury that it must base guilt upon defendant's presence in complainant's apartment; it never charged that guilt could be based solely upon his presence in the building lobby; and thus did not mislead defense counsel as to the theory of the case which would be presented to the jury. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Rubin, JJ.