■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RODNEY GILL, Appellant. [595 NYS2d 46] —Judgment of the Supreme Court, New York County (Albert Williams, J.), rendered January 4, 1991, convicting defendant, after trial by jury, of robbery in the first degree, robbery in the second degree, assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 6 to 12 years, 4 to 8 years and two terms of 2½ to 5 years, respectively, is unanimously modified, on the law and facts, to reverse and dismiss the counts of robbery in the second degree and assault in the second degree, and otherwise affirmed.

Defendant, apprehended by a security guard after stealing two steaks from a supermarket, sought to effect his escape with the aid of a razor blade. In the ensuing scuffle, the guard received superficial cuts which the People concede, did not support a finding of "physical injury" as defined in Penal Law § 10.00 (9) ("impairment of physical condition or substantial pain"), which is necessary for proof of guilt of second degree robbery and assault. We, therefore, reverse defendant's conviction as to those counts and dismiss them.

The evidence presented, did, however, prove defendant's guilt, beyond a reasonable doubt, of robbery in the first degree and criminal possession in the third degree. The jury was entitled to conclude that the defendant used force and threatened the use of a dangerous instrument (the razor blade) to prevent the guard from regaining possession of the steaks.

Likewise, the court correctly denied the defendant's request to charge the jury on the lesser included offense of petit larceny since there was no reasonable view of the evidence that defendant stole the steaks without the use of physical force to retain possession of them (see, People v Glover, 57 NY2d 61, 63). Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.