■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE BROWN, Appellant. [598 NYS2d 989] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered March 26, 1991, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BROWN, Appellant. [597 NYS2d 726] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered March 2, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and an unidentified man each sold a vial of crack cocaine to an undercover police officer. The defendant was arrested and convicted of criminal sale of a controlled substance in the third degree. The defendant's contention that the evidence was legally insufficient was not preserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant was identified by the undercover officer as one of the drug sellers.

In addition, the trial court did not improvidently exercise its discretion in failing to charge the jury with respect to the offense of criminal facilitation. Criminal facilitation is not a lesser-included offense of criminal sale of a controlled substance in the third degree (see, People v Glover, 57 NY2d 61).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.