■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARKEY WALKER, Appellant. [621 NYS2d 17] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered February 26, 1993, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him to a term of 12½ to 25 years, unanimously affirmed.

The People presented evidence that defendant and the codefendant were observed negotiating a drug transaction with the victim. Defendant and the codefendant produced guns and the drug transaction developed into a robbery and the victim was shot and died shortly thereafter. Some proceeds of the robbery were recovered by the police, who observed defendant and the codefendant fleeing from the scene. As the jury could not be permitted to engage in speculation, the trial court properly denied defendant's request for a jury charge on the lesser included offense of robbery in the second degree, as there is no reasonable view of the evidence that would support a finding that neither defendant nor codefendant, but, rather, Vargas, a witness, exhibited a gun and fired the fatal shot (People v Glover, 57 NY2d 61). Concur—Murphy, P. J., Sullivan, Nardelli and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL BOYD, Appellant. [621 NYS2d 851] —Judgment, Supreme Court, Bronx County (Joseph A. Cerbone, J.), rendered June 3, 1993, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent felony offender, to a term of 8 years to life, unanimously affirmed.

Viewing the evidence in the light most favorable to the People (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), the evidence adduced at trial established that the defendant acted in concert with his brother in unlawfully using a duplicate key to enter the victim's apartment, and attempting to remove property (see, People v Coll, 157 AD2d 502, lv denied 76 NY2d 732).

Defendant's claim that the court's supplemental charge did not convey the proper meaning of intent is unpreserved for appellate review (CPL 470.05 [2]), and we decline to review it in the interest of justice. In any event, the charge as a whole conveyed the proper meaning of that term (People v Coleman, 70 NY2d 817). Concur—Murphy, P. J., Sullivan, Nardelli and Tom, JJ.