Donald McCARGO, Petitioner,

v.

Joseph COSTELLO, Superintendent, Mid–State Correctional Facility, Respondent.

No. 99–CV–6069 ADS.

United States District Court, E.D. New York.

Dec. 6, 2002.

Donald McCargo, Rome, NY, Petitioner, pro se.

Denis Dillon, District Attorney of Nassau County, Mineola, NY, by Assistant District Attorneys Tammy J. Smiley and Daniel T. Butler, for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Daniel McCargo ("McCargo") petitions for a writ of habeas corpus from his 1996 conviction in state court, pursuant to 28 U.S.C. § 2254. For the reasons stated below, McCargo's petition is denied.

On July 1, 1995, at approximately 1:30 a.m., Cathy Sullivan entered a 7–Eleven convenience store in Freeport, New York. Ms. Sullivan had just finished working at her job as a waitress and carried in her purse approximately $210, her earnings from the previous work shift.

While waiting in line to pay for her purchases, Ms. Sullivan felt a tug at her purse, which hung from her shoulder. Ms. Sullivan observed McCargo's hand emerging from her purse with her money. She quickly spun around and saw McCargo trying to stuff her money into his pocket. Ms. Sullivan jerked his arm to prevent him from doing so. McCargo pulled his arm away and held his hand above Ms. Sullivan's head, still grasping her money.

Ms. Sullivan demanded her money and yelled for help. Security guard Joseph Torres heard Ms. Sullivan's plea and came from behind the counter to investigate the situation. He observed McCargo holding money over Ms. Sullivan's head, and saw Ms. Sullivan jumping up and down to reach it. Ms. Sullivan dislodged some money, which she picked up after it fell to the floor.

Torres told McCargo to return Ms. Sullivan's money or he would be arrested. McCargo claimed that he did not take Ms. Sullivan's money, pushed Ms. Sullivan and Torres away, and quickly started toward the exit. Both Ms. Sullivan and Torres followed him. Ms. Sullivan asked McCargo to wait for the police to arrive, since they had already been contacted. McCargo stepped outside the glass door, then turned and looked through the glass at Ms. Sullivan. She stood a few inches away inside the doorway. McCargo pushed the door into Ms. Sullivan and ran down the street. The door hit her in the face, causing her mouth and gums to bleed. Ms. Sullivan's front tooth was fractured and the nerve inside the tooth was damaged as a result.

On June 11, 1996, after a jury trial, the jury convicted McCargo of Robbery in the Second Degree (N.Y. Penal Law § 160.10(2)(a)) in County Court, Nassau County (Orenstein, J.). On July 11, 1996, the court sentenced McCargo, as a second violent felony offender, to an indeterminate prison term of six and one-half to thirteen years.

On December 30, 1997, McCargo directly appealed his conviction to the New York

Supreme Court, Appellate Division, Second Department ("Appellate Division"), alleging that: (1) the trial court erred in not dismissing a juror for cause, thus denying him a fair trial; (2) the prosecution committed a *Brady* violation by failing to secure and preserve security videotapes of the alleged crime; (3) the prosecution failed to prove beyond a reasonable doubt that a robbery occurred; and (4) the trial court erred by failing to charge the jury with the lesser included offense of third degree assault.

On June 22, 1998, the Appellate Division affirmed McCargo's conviction, finding that: (1) the evidence was legally sufficient to establish his guilt beyond a reasonable doubt; (2) no *Brady* violation occurred because the prosecution did not possess the material in question; and (3) his remaining contentions lacked merit. *People v. McCargo*, 251 A.D.2d 600, 673 N.Y.S.2d 939 (2d Dept.1998). On November 9, 1998, the New York Court of Appeals denied McCargo leave to appeal. *People v. McCargo*, 92 N.Y.2d 984, 683 N.Y.S.2d 765, 706 N.E.2d 753 (1998).

On August 5, 1999, McCargo filed the instant petition for writ of habeas corpus, alleging that: (1) he was denied a fair trial by the trial court's failure to dismiss a juror for cause; (2) the prosecution's failure to secure and preserve the security videotape of the alleged crime violated his constitutional rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (3) the prosecution failed to prove beyond a reasonable doubt that a robbery occurred; and (4) the trial court erred by failing to charge the jury with the lesser included offense of third degree assault.

By letter dated December 21, 1999, McCargo asked the Court to dismiss ground one (regarding the trial court's failure to dismiss a juror for cause) because he did not completely exhaust this claim at the state level. The Court will grant McCargo's request and decide grounds two, three and four.

### DISCUSSION

McCargo filed this action after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, AEDPA's provisions apply to his case. *Williams v. Taylor*, 529 U.S. 420, 429, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

Under the provisions of Section 2254(d), a habeas corpus application must be denied unless the state court's adjudication of the claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). A decision is "contrary to" established Federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." *Penry v. Johnson*, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.*

### A. As to the alleged *Brady* violation

McCargo argues that his due process rights were violated by the prosecution's

failure to secure and preserve a videotape from the security camera at 7–Eleven.

Police Officer Andrew Rhan, the officer who responded to the incident, knew that 7–Eleven had video tape surveillance equipment but did not know how the system worked or whether the tapes were reused. Officer Rhan informed Detective Alan Wells, the officer assigned to investigate the robbery, that a tape existed. Detective Wells attempted to retrieve the tape approximately one week to ten days later. The 7–Eleven representative informed him that the store had reused the tape and recorded over the alleged robbery. Detective Wells did not possess or view the tape before 7–Eleven reused it. (*See* T.R. 6/10/96, at 421–37.)

However, the prosecution mistakenly represented that it could obtain the tape. McCargo's counsel then requested that the tape be preserved. 7–Eleven had recorded over the tape before defense counsel's request. Upon learning that the tape had been erased, the prosecution informed defense counsel. McCargo argues that the "destruction of the tape, after [he] demanded that it be preserved, is a serious violation of his rights to a fair trial and due process." (Pet'r Br. to App. Div. of 12/30/97, at 12.)

■ To establish a *Brady* violation, McCargo must show: (i) that the evidence at issue is favorable to the accused, either because it is exculpatory or because it is impeaching; (ii) that evidence was suppressed by the State, either wilfully or inadvertently; and (iii) that prejudice ensued. *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir.2001) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Under the AEDPA, this Court must presume that factual findings by the state court are correct and McCargo bears the burden of rebutting this presumption by clear and convincing evidence. *Id.* at 88 (citing 28 U.S.C. § 2254(e)(1)).

■ McCargo has not demonstrated that a *Brady* violation occurred or that his due process rights were violated. First, neither the prosecution nor McCargo know whether the tape contained exculpatory material. The camera could have malfunctioned or recorded a different area of the store while the incident occurred.

Even assuming the tape contained exculpatory or impeachment material, McCargo has not demonstrated that the prosecution ever possessed the tape. The trial court found:

> In the first place, the Prosecution was never in actual possession of the erased/destroyed video tape and, even though police allegedly received notification of its existence and actually went to the store to retrieve same, the tape was part of a continuing recording process that tapes over itself after 48 hours.
>
> Thus, even though the Prosecution is under a duty to diligently preserve any and all material which may be subject to disclosure where, as here, the evidence was not in the Prosecution's possession and despite the People's attempt to preserve same, the tape had already been erased. Given such circumstances, neither dismissal nor sanctions will be ordered.

Order dated February 29, 1996, of County Court, Nassau County (Orenstein, J.) at 3–4 (citations omitted). These factual findings are entitled to a presumption of correctness by this Court. McCargo has not met his burden of overcoming this presumption by clear and convincing evidence. Further, McCargo has not shown, nor does the Court find, that the trial court's ruling was an unreasonable application of established federal law. *See Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 102

L.Ed.2d 281 (1988) (holding that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law").

In any event, McCargo has not demonstrated that prejudice ensued. Both Ms. Sullivan and Security Guard Torres identified McCargo as the perpetrator at trial; clearly eyewitness direct evidence. In addition, the jury heard testimony from Officer Rhan and Detective Wells about the videotape, and the fact that it was erased. Defense counsel argued during his summation that the police department's failure to obtain the tape constituted poor police work and undermined the prosecution's case. The jury chose to reject that argument and convict McCargo. McCargo has not established that the outcome of his trial would have been different but for the videotape's absence. *See Strickler*, 527 U.S. at 281, 119 S.Ct. 1936 (stating "there is never a real *Brady* violation unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict"). Accordingly, this *Brady* claim is denied.

**B. As to the insufficient evidence claim**

McCargo alleges that the prosecution failed to prove beyond a reasonable doubt that he committed Robbery in the Second Degree. Specifically, he contends that prosecution did not prove that a "forcible taking" occurred.

■ A petitioner who challenges the sufficiency of the evidence supporting his conviction "bears a heavy burden." *United States v. Griffith*, 284 F.3d 338, 348 (2d Cir.2002) (citing *United States v. Velasquez*, 271 F.3d 364, 370 (2d Cir.2001)). To obtain habeas corpus relief, the Court must find that, when viewing the evidence

most favorably to the prosecution, no rational trier of fact could find guilt beyond a reasonable doubt. *Farrington v. Senkowski*, 214 F.3d 237, 240–41 (2d Cir.2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

■ In addition, the Court must defer to the jury's determination of the weight given to conflicting evidence, witness credibility, and inferences drawn from the evidence. *United States v. Vasquez*, 267 F.3d 79, 90–91 (2d Cir.2001) (citing *United States v. Payton*, 159 F.3d 49, 56 (2d Cir. 1998); *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942)). A guilty verdict may not be disturbed if the jury has resolved these issues in a reasonable manner. *See id.* The Court's "inquiry does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402, 113 S.Ct. 853, 861, 122 L.Ed.2d 203 (1993) (emphasis in original).

■ Applying the above standard, the Court finds that the evidence sufficiently supports McCargo's robbery conviction. Under New York law, "[a] person is guilty of robbery in the second degree when he forcibly steals property and when . . . [i]n the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [c]auses physical injury to any person who is not a participant in the crime." N.Y. Penal Law § 160.10(2)(a). The prosecution presented evidence that McCargo pulled money out of Ms. Sullivan's bag without her permission, held it above her head, then ran out the door and slammed it in her face, causing injury to her teeth and mouth. Ms. Sullivan testified that as a result, she suffered substantial pain and nerve damage to her tooth. Based on this

evidence, a jury could reasonably conclude that McCargo robbed Ms. Sullivan as defined by the statute. *See Farrington v. Senkowski*, 214 F.3d 237, 241 (2d Cir.2000) (citing *People v. Santiago*, 48 N.Y.2d 1023, 425 N.Y.S.2d 782, 402 N.E.2d 121 (N.Y. 1980) (finding sufficient evidence of physical force where defendant reached out of a moving train's window and attempted to steal the purse from a woman standing on the platform)). Accordingly, the sufficiency claim is denied.

## C.  As to the jury instruction claim

McCargo asserts that the trial court erred in refusing his request to charge the jury with the lesser included offense of third degree assault, arguing that the jury could have determined that he did not take her money but did cause her physical injury.  As the Second Circuit has recently observed:

> [A] state prisoner making a claim of improper jury instructions faces a substantial burden.  The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal.  The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," not merely whether "the instruction is undesirable, erroneous, or even universally condemned."

*DelValle v. Armstrong*, 306 F.3d 1197, 1201 (2d Cir.2002) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977)).

Further, "[w]here the claimed error is not an erroneous jury instruction but the failure to give a requested instruction, the petitioner bears a heavy burden in show-

ing that the trial court's failure to give the instruction to the jury was an error of constitutional magnitude." *Williams v. Bennett*, 2001 WL 849746 at *10 (S.D.N.Y. July 27, 2001) (citing *Henderson*, 431 U.S. at 155, 97 S.Ct. 1730) ("An omission, or an incomplete instruction, is less likely to be prejudicial than is an actual misstatement of the law.").

McCargo has not met this heavy burden.  First, McCargo has not demonstrated that he was entitled to such an instruction.  New York law states that the trial court may charge the jury with a lesser included offense

> if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense *but did not commit the greater.*  If there is not reasonable view of the evidence which would support such a finding, the court *may not* submit such lesser offense.

N.Y.Crim. Proc. Law § 300.50(1) (emphasis added); *see also People v. Glover,* 57 N.Y.2d 61, 63, 453 N.Y.S.2d 660, 661, 439 N.E.2d 376, 377 (N.Y.1982) (per curiam).

The trial court found that the jury could conclude that McCargo committed the greater offense of robbery.  A reasonable view of the evidence supports the finding that McCargo not only stole Ms. Sullivan's money but also caused injury to her.  Therefore there was no view of the evidence that supports a finding that McCargo did not commit the "greater" offense.  Thus, the trial court properly determined that Mc Cargo was not entitled to the instruction under New York law.  McCargo has not demonstrated that the trial court's decision violated federal constitutional law.  Accordingly, this jury instruction claim is denied.

## CONCLUSION

For the foregoing reasons, McCargo's petition for a writ of habeas corpus is DENIED. Pursuant to Fed. R.App. Pro. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as McCargo has not made a substantial showing of a denial of a constitutional right. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090; *Lucidore v. New York State Div. Of Parole*, 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**