THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY CEPEDA, Appellant. [943 NYS2d 528]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered May 5, 2010, as amended May 27, 2010, convicting defendant, after a jury trial, of auto stripping in the second degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The owner of a van testified that he did not give defendant permission to break the van's windows. This satisfied the element of lack of permission. The owner's acquaintance with defendant, his reluctance to assist in the prosecution, and his testimony that he "really didn't care" about the damage were irrelevant to whether, at the time of the crime, defendant had permission to break the windows.

Defendant failed to preserve, and expressly waived, his contention that he was entitled to an instruction on criminal mischief in the fourth degree as a lesser included offense.

Defense counsel conceded that criminal mischief in the fourth degree is not a lesser included offense of auto stripping in the second degree. Instead, counsel asked the court to "add" it nonetheless, a remedy that the court properly declined (*see People v Ford*, 62 NY2d 275 [1984]). Thus, defendant now asserts that the court should have granted him a different remedy from the one he requested (*see e.g. People v Lombardo*, 61 NY2d 97, 104 [1984]). We decline to review this claim in the interest of justice.

As an alternative holding, we find that defendant was not entitled to submission of criminal mischief. Counsel's concession was correct. In the abstract, the crime of auto stripping can be committed under circumstances that would not also constitute criminal mischief (*see generally People v Glover*, 57 NY2d 61, 64 [1982]). Furthermore, in this case there was no reasonable view of the evidence that defendant committed the lesser crime but not the greater (*see id.* at 63). Concur—Tom, J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ.